1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Thomas H. Petrides (SBN 117121)
Thomas.petrides@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Defendants American
Directions Core LLC and American
Directions Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MAY SIBAL<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DIRECTIONS CORE LLC, AMERICAN DIRECTIONS GROUP, INC., AND DOES 1 THROUGH 25<br><br>Defendants. | Case No. 3:15-CV-2279<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441— FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION** |

1
**NOTICE OF REMOVAL**

1    **TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

2    **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1441 Defendants

3    American Directions Core LLC ("ADC") and American Directions Group, Inc.

4    ("ADG") (collectively, "Defendants"), by and through their attorneys, K&L Gates

5    LLP, hereby remove to this Court the action entitled *Christine May Sibal v. American*

6    *Directions Core LLC*, *et. al.*, Case No. RG15764548 (the "State Court Action") from

7    the Superior Court of the State of California, County of Alameda, in which court the

8    State Court Action was filed.  In support of this Notice of Removal, Defendants state

9    as follows:

10                        **STATEMENT OF REMOVAL**

11    1.    On April 1, 2015, Plaintiff Christine May Sibal ("Plaintiff") filed the State

12    Court Action naming Defendants as the only named defendants.

13    2.    Defendant ADC was served in the State Court Action with a copy of the

14    Summons, Complaint, Civil Cover Sheet, and ADR Information Packet via Notice and

15    Acknowledgement of Receipt on April 21, 2015.  Defendant ADG was served in the

16    State Court Action with a copy of the Summons, Complaint, Civil Cover Sheet, and

17    ADR Information Packet via Notice and Acknowledgement of Receipt on April 22,

18    2015.  ADC was the first named defendant to be served with process in this action.

19    There are no other named defendants in this action.

20    3.    Attached hereto as Exhibit A is a true and correct copy of the Summons,

21    Complaint, and ADR Information Packet filed in the State Court Action.  Attached

22    hereto as Exhibit B is a true and correct copy of the Civil Case Cover Sheet filed in the

23    State Court Action.  Attached hereto as Exhibit C is a true and correct copy of the

24    Notice and Acknowledgement of Receipt signed on behalf of ADC.  Attached hereto

25    as Exhibit D is the Notice and Acknowledgement of Receipt signed on behalf of ADG.

26    Attached hereto as Exhibit E is Defendants' Answer to the Complaint.  These materials

27    comprise "all process, pleadings, and orders served" upon Defendants in the State

28    Court Action.  *See* 28 U.S.C. § 1446(a).

1        4.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice

2    of Removal is timely because it was filed within thirty (30) days of the first defendant

3    (ADC) to be served with the Summons and Complaint (i.e., process) in this action.

4    (Ex. C.)  The only other named defendant in this action —ADG—was served after

5    ADC (on April 22, 2015) as discussed above.  (Ex. D.)  The Summons and Complaint

6    are the initial pleadings setting forth the claim for relief on which this removal is

7    based.

8        5.     Defendants are the only named defendants in this action.  (Ex. A.

9    (Compl.) ¶¶ 7-8.)  The undersigned counsel represents all named defendants in this

10   action.  ADC and ADG all join in this removal.  Thus, all named defendants in this

11   action join in this removal.

12       6.     The DOE defendants, including their citizenship, may be disregarded for

13   removal purposes.

14                         **JURISDICTION - FEDERAL QUESTION**

15       7.     The United States District Court for the Northern District of California

16   has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction),

17   and this action is one that may be removed to this Court by Defendants pursuant to the

18   provisions of 28 U.S.C. § 1441, in that it is a civil action that includes a claim arising

19   under the Constitution, laws, or treaties of the United States within the meaning of 28

20   U.S.C. § 1331.

21       8.     Specifically, Plaintiff's Complaint contains a federal claim for "Violation

22   of the Fair Labor Standards Act ["FLSA"] for Non-Payment of Overtime (29 U.S.C.

23   § 201, *et seq.*)."  (Ex. A (Compl.) ¶¶ 34-44.)  Among other things, Plaintiff alleges that

24   the FLSA applies to Defendants because they are an "'employer' engaged in interstate

25   'commerce' and or in the production of 'goods' for 'commerce,' within the meaning of

26   the FLSA, 29 U.S.C. § 203."  (*Id.* ¶ 36; *see id.* ¶¶ 35, 37-38.)  Plaintiff further alleges

27   that Defendants were required, under the FLSA, to pay her overtime and "[b]y not

28   paying overtime compensation in compliance with the FLSA, Defendants violated

1    Plaintiff['s] rights under 29 U.S.C. §§ 201, et seq." (*Id.* ¶ 41; *see id.* ¶¶ 39-40.)

2    Plaintiff seeks liquidated damages, allegedly unpaid overtime, attorneys' fees, and

3    costs under the FLSA. (*Id.* ¶¶ 42-44, prayer.)  As such, this action arises under the

4    laws of the United States, and is removable to this Court on that basis.  *See* 28 U.S.C.

5    §§ 1331, 1441.

6        9.      There is supplemental jurisdiction over Plaintiff's state law claims

7    pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claim that they

8    form part of the same case or controversy under Article III of the United States

9    Constitution.  Plaintiff alleges that all of her claims arise from her employment by

10   Defendants (although Defendants dispute that they jointly employed Plaintiff).  As

11   such, Plaintiff would be expected to try these claims in the same proceeding.

12   Moreover, Plaintiff asserts similar claims for payment of overtime wages under state

13   and federal law, which are based on the same alleged facts—*i.e.*, that she was required

14   to work 90-105 hours per week.  (Ex. A. Compl. ¶ 15.)  These claims also appear to be

15   the basis for and/or inextricably intertwined with her other claims for, for example,

16   failure to pay wages at termination.  Thus, the Court has supplemental jurisdiction over

17   such claims under 28 U.S.C. § 1367.

18                        **JURISDICTION - DIVERSITY**

19       10.     The United States District Court for the Northern District of California

20   also has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), and

21   this action is one that may be removed to this Court by Defendants pursuant to the

22   provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different

23   states creating diversity of citizenship of the parties and because the amount in

24   controversy exceeds the sum of $75,000, exclusive of interest and costs.[1]

25   _____

26   [1] A notice of removal need only provide a "short and plain statement of the grounds for
     removal."  28 U.S.C. § 1446(a).  Because § 1446 tracks Rule 8's liberal pleading
27   standard, a notice of removal need only allege the grounds plausibly and need not be
     supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC
28   v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's
     notice of removal need include only a plausible allegation that the amount in

**NOTICE OF REMOVAL**

1

## AMOUNT IN CONTROVERSY

2

11.    The amount in controversy in this action exceeds the sum of $75,000.00,

3

exclusive of interest and costs.[2]

4

12.    Plaintiff's Complaint alleges that Defendants violated various California

5

Labor Code Sections (as well as the FLSA, discussed above) by failing to pay Plaintiff

6

overtime, minimum wage, and wages at termination, along with failing to provide meal

7

and rest breaks and accurate itemized wage statements (*See, e.g.*, Ex. A (Compl.)

8

¶¶ 20-33, 45-66.)

9

13.    Plaintiff's Complaint states that "[t]he damages sought in this matter

10

exceed $25,000."  (*Id.* ¶ 5.)  Plaintiff's Civil Case Covers Sheet similarly states that the

11

amount demanded exceeds $25,000.  (Ex. B.)

12

14.    Plaintiff's Complaint seeks several categories of monetary relief,

13

including, *inter alia*, (1) "unpaid wages, including minimum wage, straight pay,

14

overtime, and premiums for missed and unlawful meal breaks," (2) "liquidated

15

damages," (3) "damages for unpaid penalty wages," (4) "all applicable statutory

16

damages," and (5) "reasonable attorney's fees."  (Ex. A (Compl.) prayer.)

17

18

controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the

19

defendant's allegation."); *Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement'

20

language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy

21

requirement.").

22

[2] In order to establish the amount in controversy requirement is met, Defendants do not concede liability nor are they required to do so.  *See Ibarra v. Manheim Investments,*

23

*Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they

24

are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only

25

estimating the damages that are in controversy."); *Lewis v.Verizon Communications, Inc.*, 627 F3d 395, 400 (9th Cir. 2010) ("To establish the jurisdictional amount,

26

Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5

27

million of the billings were "unauthorized" within the meaning of the complaint."). Moreover, defenses do not affect the amount in controversy.  *See St. Paul Mercury*

28

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 295-296 (1938); *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969).

5

**NOTICE OF REMOVAL**

15.     While Plaintiff's Complaint is silent on the precise amount of each category of monetary relief she seeks, the amount in controversy requirement is met because, *inter alia*, Plaintiff previously calculated her damages, penalties, and attorneys' fees for the claims asserted in this action as totaling $93,276, which is comprised of $76,776 in compensatory damages, $14,000 in civil penalties, and $2,500 in attorney's fees as of January 23 2015.[3]  (Goodrich Decl. Ex. A.)  Plaintiff provided these calculations to Defendants in a January 26, 2015 letter.[4]  (*Id.*)  Thus, Plaintiff herself contends that the amount in controversy in this action is over $75,000.00.

## CITIZENSHIP OF THE PARTIES

16.     Plaintiff alleges that she is a resident of Fremont, Alameda County, California.  (Ex. A (Compl.) ¶ 6.)  Plaintiff resides and is domiciled in the State of California and is currently a citizen of the State of California.  (*See id.*))

17.     Defendant ADG was incorporated under the laws of the District of Columbia.  ADG is a duly formed District of Columbia corporation in good standing at the time the State Court Action was filed and at the time of the filing of this Notice.  Thus, ADG is a citizen of the District of Columbia, based on its place of incorporation (Compl. ¶ 7.)

18.     ADG's corporate headquarters and principal place of business is in the District of Columbia.  Thus, ADG is a citizen of the District of Columbia based on its principal place of business.  (*Id.*)

19.     Defendant ADC was formed under the laws of the District of Columbia.  ADC is a duly formed District of Columbia limited liability company in good standing at the time the State Court Action was filed and at the time of the filing of this Notice.  ADC's headquarters and principal place of business is in the District of Columbia.

---

[3] Plaintiff appears to have included $1,340 in statutory interest in her calculation of compensatory damages.  Even deducting that amount for interest, Plaintiff's calculations would be $91,936, which is still over $75,000.

[4] In that same letter, Plaintiff demanded $75,000 to settle her claims (except those arising under the Private Attorney General Act of 2004).  (*Id.*)

NOTICE OF REMOVAL

1    ADC's sole member is American Directions Research Group, Inc., who is a citizen of

2    the District of Columbia because it was incorporated there, has its headquarters there,

3    and has its principal place of business there.  Thus, ADC is a citizen of the District of

4    Columbia.

5        20.    No other defendant has been named or served in the State Court Action.

6        21.    Defendants are not citizens of the State of California.

7        22.    Thus, diversity of citizenship exists between Plaintiff and Defendants.

8        23.    The remaining defendants in this action were sued under fictitious names.

9    (Ex. A (Compl.) ¶ 9.)  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants

10   sued under fictitious names is disregarded.

11                       **REMOVAL PROCEDURES**

12       24.    As required by 28 U.S.C. § 1446(d), written notice of this Notice of

13   Removal is being promptly served upon counsel for Plaintiff and a copy of this Notice

14   of Removal is being filed with the Clerk of the Superior Court of the State of

15   California for the County of Alameda.

16       25.    Removal is properly made to the United States District Court for the

17   Northern District of California under 28 U.S.C. § 1441(a), because the Superior Court

18   of the State of California for the County of Alameda, where the State Court Action is

19   currently pending, is within the Northern District of California.

20                       **INTRADISTRICT ASSIGNMENT**

21       26.    Pursuant to Civil Local Rule 3-2(c) this case should be assigned to the

22   San Francisco Division or Oakland Division as it was filed in the county of Alameda.

23   (*See generally* Compl.; L.R. 3-2(d).)

24       **WHEREFORE**, Defendants respectfully request the removal of the State Court

25   Action from the Superior Court of the State of California for the County of Alameda,

26   to the United States District Court for the Northern District of California.

27

28

**NOTICE OF REMOVAL**

1      I hereby attest that I have on file all holographic signatures corresponding to any

2 signatures indicated by a confirmed signature (/s/) within this e-filed document or its

3 constituent parts.

4

5                                   K&L GATES LLP

6 Dated:  May 20, 2015

7                        By:  /s/ Christina N. Goodrich

8                             Thomas H. Petrides
                            Christina N. Goodrich

9                             Attorneys for Defendants American
                            Directions Core LLC and American

10                             Directions Group, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
**NOTICE OF REMOVAL**