# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** AMERICAN DIRECTIONS CORE LLC,
*(AVISO AL DEMANDADO):* AMERICAN DIRECTIONS GROUP, INC., AND
DOES 1 THROUGH 25.

**YOU ARE BEING SUED BY PLAINTIFF:** CHRISTINE MAY SIBAL
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> ENDORSED
> FILED
> ALAMEDA COUNTY
>
> APR 0 1 2015
>
> CLERK OF THE SUPERIOR COURT
> By Amani Barnes
> Deputy

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below. <br><br> You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. <br><br> There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. <br> *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.* <br><br> *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesan su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.* <br><br> *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Alameda <br> 1225 Fallon St. <br> Oakland, California 94612 | **CASE NUMBER:** *(Número del Caso)* <br> RG15764548 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Klein Law Group
Four Embarcadero Center, Suite 3900, San Francisco, CA 94111                 415 693-9107

| DATE: <br> *(Fecha)* APR 0 1 2015 | Leah T. Wilson | Clerk, by <br> *(Secretario)* Amani Barnes | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> Westlaw Doc. & Form Builder |
|---|---|---|

RECEIVED
APR 0 6 2015
By_____

1  Alexei Kuchinsky   State Bar No. 279405
   William P. Klein    State Bar No. 148867
2  KLEIN LAW GROUP
   Four Embarcadero Center, Suite 3900
3  San Francisco, CA 94111
   Tel.:    (415) 693-9107
4  Fax.:    (415) 693-9222
   Email:   alexei@sfbizlaw.com
5
   Attorneys for Plaintiff Christine May Sibal
6

ENDORSED
FILED
ALAMEDA COUNTY

APR 0 3 2015

CLERK OF THE SUPERIOR COURT
By Aman S. Barnes
                          Deputy

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    CITY AND COUNTY OF ALAMEDA

10                      UNLIMITED JURISDICTION

11                                          RG15764548

12  CHRISTINE MAY SIBAL,              CASE NO.:

13            PLAINTIFF,              COMPLAINT

14       VS.                         1.  Failure to Pay Minimum Wage;
                                     2.  Failure to Pay California Overtime
15  AMERICAN DIRECTIONS CORE LLC,    3.  Failure to Pay Federal Overtime;
    AMERICAN DIRECTIONS GROUP, INC., 4.  Failure to Provide Meal Breaks;
16  AND DOES 1 THROUGH 25,           5.  Failure to Provide Accurate Itemized
                                         Wage Statements & Maintain Adequate
17            DEFENDANTS.                 Records; and
                                     6.  Failure to Pay Wages at Termination.
18

19

20                                   **DEMAND FOR JURY TRIAL**

21

22       Plaintiff Christine May Sibal brings this action against Defendants American Directions

23  Core LLC, and American Directions Group, Inc. and Does 1 -25, and alleges the following:

24  I.   INTRODUCTION

25       1.  Plaintiff Christine May Sibal ("Plaintiff"), a non-exempt employee, brings this action

26  against her former employers American Directions Core LLC, and American Directions Group,

27  Inc. and Does 1 -25 ("Defendants") seeking to recover (1) minimum wage and liquidates

28  damages; (2) overtime compensation and liquidated damages; (3) unpaid premiums for missed

1

COMPLAINT FOR UNPAID WAGES

BY FAX

1    meal breaks; (4) statutory penalties for failure to comply with record keeping requirements; (5)

2    waiting time penalties, and (6) reasonable attorneys' fees and costs.

3        2.   This Complaint asserts claims against Defendants for violations of (a) California Labor

4    Code and (b) Industrial Wage Commission ("IWC") Order 4-2001.

5    **II.        VENUE AND JURISDICTION**

6        3.   It is appropriate for this court to exercise jurisdiction over Defendants because they are

7    residents of and/or doing business in the State of California.

8        4.   Venue is proper in this Court in accordance with Section 395(a) of the California Code of

9    Civil Procedure because at all relevant times Defendants were doing business in the County of

10   Alameda. Moreover, Defendants employed Plaintiff in the County of Alameda and the harms

11   occurred in the County of Alameda.

12       5.   The damages sought in this matter exceed $25,000.

13   **III.       PARTIES**

14   **A. Plaintiff**

15       6.   Plaintiff Christine May Sibal ("Plaintiff" or "Dacumos") is now and was, at all times

16   mentioned herein, a natural individual, residing in Fremont, Alameda County, California.

17   **B. Corporate Defendants**

18       7.   Plaintiff is informed and believes and thereon alleges that American Directions Group, Inc.

19   is, and at all times mentioned herein was and  is a corporation registered in the District of

20   Columbia with one of its offices located in 2951 Churn Creek Rd, Redding, CA 96002.

21       8.   Plaintiff is informed and believes and thereon alleges that American Directions Core, LLC.

22   is, and at all times mentioned herein was and  is a limited liability company registered in the

23   District of Columbia with one of its offices located in 2951 Churn Creek Rd, Redding, CA 96002.

24   **C. Doe Defendants**

25       9.   The true names and capacities of Defendants Does 1 through 25, inclusive, are currently

26   unknown to Plaintiff, whom, therefore, Plaintiff sues by their fictitious names. Plaintiff is

27   informed and believes and thereon alleges that each of those Defendants was in some manner

28   responsible for the events and happenings alleged in this complaint and for Plaintiffs' injuries and

**2**

---

**COMPLAINT FOR UNPAID WAGES**

1  damages.

2      10. Unless otherwise stated, Defendants American Directions Core LLC, and American

3  Directions Group, Inc. and Does 1 -25, are hereinafter referred to as Defendants.

4      11. Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants

5  American Directions Core LLC, American Directions Group, Inc., and Does 1 -25, and Does 1-25

6  were Plaintiff's employers in that they jointly exercised control over Plaintiff's wages, hours or

7  working conditions, and   suffered or permitted to work Plaintiff under working conditions

8  described herein.

9  **IV.    GENERAL ALLEGATIONS**

10      12. Defendants own and operate a data collection company that specializes in survey

11  marketing, commercial telephone and web interviewing, sample data development, field

12  management, data collection, and statistical analysis.

13      13. Plaintiff worked for American Directions since June 2014 through November 2014

14  ("Employment Period") as a Client Service Manger from her home in Fremont, California. On

15  June 6, 2014, Plaintiff executed a written employment agreement. For services provided, Plaintiff

16  was paid a salary of $1,346.16 per a 2-week work period or $35,000 per year.

17      14. As a Client Service Manager, Plaintiff was responsible for monitoring execution of various

18  survey projects that American Directions was hired to perform for its clients. On average, Plaintiff

19  would handle from 5 to 15 projects on a daily basis. Plaintiff's daily responsibilities included

20  preparing and processing daily project reports, dealing with clients, Tech department, and calling

21  centers.

22      15. During the entire employment period, Plaintiff was required to work from 90-105 hours

23  per week. The long hours v ere largely due to a huge volume of work and extremely short

24  deadlines. For example, Plaintiff's day would regularly start at 5:00 AM and did not end until

25  10:00 PM. Plaintiff regularly worked seven days per workweek, Monday through Sunday.

26      16. In November 2014, Plaintiff terminated her employment with the Company because he

27  was not compensated for services provided.

28      17. During the Employment Period, Plaintiff was a nonexempt employee entitled to the

---

**3**

**COMPLAINT FOR UNPAID WAGES**

1 | protections of California Labor Code, Industrial Welfare Commission Order No. 4-2001,
2 | California Code of Regulations, Title 8, section 11050, and the Fair Labor Standards Act.

3 |     18. Plaintiff typically worked more than 5 hours per workday. Defendants imposed demanding
4 | project assignments and short deadlines making it impossible for Plaintiff to take his uninterrupted
5 | "off-duty" meal or rest breaks. If any breaks were taken, such breaks were "on-duty."[1] Defendants
6 | were aware of the fact that Plaintiff could not take breaks and provide services according to
7 | schedule.

8 |     19. During the Employment Period, Defendants have not kept records of Plaintiff's work
9 | hours.

**FIRST CAUSE OF ACTION**

**Failure to Pay Minimum Wage**

**(Cal. Lab. Code §§ 1182.12, 1194.2, 1197, Wage Order 4-2001)**

**(Against All Defendants)**

14 |     20. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs
15 | of this Complaint.

16 |     21. Pursuant to the Minimum Wage Order, Wage Order No. 4-2001, Labor Code sections
17 | 1182.12 and 1197, Defendants were required to pay Plaintiff a minimum wage of $8 per hour in
18 | 2014.

19 |     22. In violation of the Minimum Wage Order No. 4-2001, Labor Code sections 1182.12 and
20 | 1197, during the Employment Period, Defendants intentionally and willfully failed to compensate
21 | Plaintiff at least the minimum wage.

22 |     23. Despite Plaintiff's demands, Defendants refused and continue to refuse to pay Plaintiff the
23 | amount owed. Defendants' failure to pay Plaintiff violates the provisions of Labor Code section
24 | 1197.

25 |     24. As a direct and proximate result of Defendants' wrongful acts and omissions alleged

26 |

27 |     [1] An "on duty" meal period shall be permitted only (1) when the nature of the work
28 | prevents an employee from being relieved of all duty and (2) when by written agreement between the parties an on-the-job paid meal period is agreed to." Wage Order No. 4-2001, §11(A). None of these applies to Plaintiff.

4

---

**COMPLAINT FOR UNPAID WAGES**

1   herein, Plaintiff has suffered actual damages in an amount to be proven at trial. Plaintiff has

2   incurred and will continue to incur attorney's fees as a result of prosecuting this cause of action.

3        25. Pursuant to Labor Code section 1194, Plaintiff is entitled to recover, and hereby seeks, the

4   unpaid balance of the full amount the minimum wage, including interest thereon, reasonable

5   attorneys' fees, and cost of suit from Defendants in an amount to be proven at trial.

6        26. Pursuant to Labor Code section 1194.2, Plaintiff is entitled to recover, and hereby seeks,

7   liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon from

8   Defendants, as set forth in the prayer at the conclusion of this Complaint.

9                              **SECOND CAUSE OF ACTION**

10                           **Failure to Pay California Overtime**

11              **(Cal. Labor Code §§ 510, 1194, 1198 and Wage Order 4-2001**

12                              **(Against All Defendants)**

13       27. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

14   of this Complaint.

15       28. At all relevant times, Defendants were employers subject to California Labor Code section

16   510 and California Industrial Welfare Commission Wage Order 4-2001, which include provisions

17   setting forth the definition of overtime and the amount of compensation to be paid to an employee

18   that works overtime.

19       29. At all relevant times, Defendants were required to compensate Plaintiff for all overtime

20   work performed, at one and one-half (1 ½) times the regular rate of pay for hours worked in excess

21   of eight (8) hours per day and/or forty (40) hours per week (whichever was greater), and for the

22   first eight (8) hours on the seventh (7th) consecutive day of any work week. Additionally,

23   Defendants were required to compensate Plaintiff with double time after twelve (12) hours in a

24   single workday and after eight (8) hours on the seventh (7th) consecutive day of any work week.

25       30. On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to work

26   in excess of eight (8) hours in a day or (12) twelve hours in a day.

27       31. On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to work

28   in excess of forty (40) hours a week.

---

**5**

---

**COMPLAINT FOR UNPAID WAGES**

32. Defendants have failed to pay Plaintiff an overtime premium for every hour of overtime that Defendants engaged, suffered, or permitted Plaintiff to work in violation of Labor Code section 1194.

33. As a direct and proximate result of Defendants' wrongful acts and omissions alleged herein, Plaintiff has suffered actual damages in an amount to be proven at trial. Plaintiff has incurred and will continue to incur attorney's fees as a result of prosecuting this cause of action.

**THIRD CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act for Non-Payment of Overtime**

**(29 U.S.C. §§ 201, et. seq.)**

**(Plaintiffs Against all Defendants)**

34. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

35. 29 U.S.C. § 203(s) states that the provisions of the FLSA applies to all entities, institutions or businesses which employ persons involved in interstate commerce and whose annual gross volume of sales is not less than $500,000.

36. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" and or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 USC § 203. At all relevant times, Defendants have employed, Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

37. At all relevant times herein, Plaintiff's employment with Defendants was subject to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") by virtue of defendants' direct involvement in interstate commerce.

38. Plaintiff is informed and believes and thereon alleges that Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in the statute and as interpreted by courts, and therefore defendants are subject to, and must comply with, the provisions of the FLSA. Further, during the employment periods, Plaintiff used interstate instrumentalities of commerce as a regular and recurrent part of his employment duties.

6

**COMPLAINT FOR UNPAID WAGES**

1  39. 29 U.S.C. § 207, requires all employees to be paid overtime compensation for work

2  performed in excess of forty hours per week, unless specifically exempted by the law.

3  40. Although Plaintiff was not exempt during his employment with Defendants, Defendants

4  knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week

5  without paying Plaintiff one and one half times Plaintiff's regular rate of pay. Defendants were

6  fully aware of the hours worked by and the duties assigned to Plaintiff.

7  41. By not paying overtime compensation in compliance with the FLSA, Defendants violated

8  Plaintiff rights under 29 U.S.C. §§ 201, et seq.

9  42. Defendants intentionally, with reckless their proper pay, and thus Defendants are liable to

10  Plaintiff for liquidated damages in an amount equal to unpaid overtime compensation, pursuant to

11  29 U.S.C. § 216(b) of the FLSA.

12  43. Plaintiff was required to retain an attorney for bringing this action and is entitled to an

13  award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

14  44. Plaintiff seeks damages in the amount of their respective unpaid overtime compensation,

15  and liquidated damages, attorney's fee and cost, as provided by the FLSA, 29 U.S.C. §§ 216(b),

16  255 and such other legal and equitable relief as the Court deems just and proper.

17  **FOURTH CAUSE OF ACTION**

18  **Failure to Provide Adequate Meal and Rest Periods**

19  **Cal. Lab. Code § 512, 226.7, 1194 and Wage Order 4-2001**

20  **(Against All Defendants)**

21  45. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

22  of this Complaint.

23  46. Defendants, at all relevant times, were employers subject to California Labor Code section

24  512 and California Industrial Welfare commission Wage Order 4-2001, which include provisions

25  requiring Defendants to provide meal and rest periods to Plaintiff.

26  47. At all times alleged herein, Plaintiff was a non-exempt employee of Defendants under

27  California law.

28  48. California Industrial Welfare Commission Wage Order 4-2001 provides that no employer

7

**COMPLAINT FOR UNPAID WAGES**

1    shall employ any person for a work period of more than five (5) hours without providing a meal

2    period at least 30 minutes and that no employer shall employ any person for a work period of

3    more than ten (10) hours without providing a second meal period of at least 30 minutes.

4        49. Labor Code section 226.7 and the applicable Wage Orders of the Industrial Welfare

5    Commission provide that if an employer fails to provide a non-exempt employee with an

6    appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the

7    employee's regular rate of compensation for each work day that the meal period is not provided.

8        50. On more than one occasion, Plaintiff worked for at least five (5) hours through his

9    employment with Defendants. Defendants knew that Plaintiff was entitled to meal and rest

10   periods, but regularly denied him this right.

11       51. Defendants knew that Plaintiff was a non-exempt employee working without meal breaks

12   and knowingly, willfully, maliciously, oppressively, fraudulently failed to provide meal breaks.

13       52. Because Defendants failed to provide the required meal breaks, Defendants are liable to

14   Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each workday

15   that the proper meal and rest breaks were not provided pursuant to Labor Code section 226.7 and

16   Wage Order 4-2001.

17       53. As a direct and proximate result of Defendants' wrongful acts and omissions alleged

18   herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

19                              **FIFTH CAUSE OF ACTION**

20                   **Failure to Provide Accurate Itemized Wage Statements**

21       **[Cal. Lab. Code §§ 226(a) & (e); 1174-5; 2698 *et. seq.*, and Wage Order 4-2001]**

22                              **(Against All Defendants)**

23       54. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

24   of this Complaint.

25       55. Labor Code section 226(a) provides that every employer shall furnish each of her or her

26   employees an accurate itemized wage statement  in writing showing nine pieces of information,

27   including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

28   piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

                                          **8**

                          **COMPLAINT FOR UNPAID WAGES**

1    (4) all deductions, provided that all deductions made on written orders of the employee may be

2    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

3    which the employee is paid, (7) the name of the employee and the last four digits of her or her

4    social security number or a.ı employee identification number other than a social security number,

5    (8) the name and address of the legal entity that is the employer and, ... and (9) all applicable

6    hourly rates in effect during the pay period and the corresponding number of hours worked at each

7    hourly rate by the employee.

8       56. Defendants have knowingly and intentionally failed to comply with Labor Code section

9    226(a) because the wage statements provided to Plaintiff did not contain Plaintiffs' accurate hours

10    of work, including overtime hours, premium pays for missed meal break.

11       57. IWC Wage Order 4-2001(7) requires Defendant to maintain time records showing, among

12    others, when the employee begins and ends each work period, and total daily hours worked in

13    itemized wage statements, payment of wages, and accurately report total hours worked by Plaintiff

14    and all aggrieved employeᴄs. Defendants have failed to comply with the wage order.

15       58. California Labor Code section 226(e) further provides that any employee suffering injury

16    due to a willful violation of the aforementioned obligations may collect the greater of either actual

17    damages or $50 for the first inadequate pay statement and $100 for each inadequate statement

18    thereafter. During the course of Plaintiff' employment, Defendant consistently failed to provide

19    Plaintiff with adequate pay statements as required by California Labor Code section 226.

20       59. Defendant failed to provide such adequate statements willingly and with full knowledge of

21    their obligations under section 226. Defendant' failure to provide such adequate statements has

22    caused injury to the Plaintiff.

23       60. Plaintiff is entitled to recover the greater of actual damages or penalties as a result of

24    Defendant' failure to proviᴊe proper records, in an amount to be proven at trial. Plaintiff incurred

25    costs and attorney fees in bringing this action, and such costs and attorney fees should be awarded

26    to Plaintiff under California Labor Code section 226.

27

28

**9**

**COMPLAINT FOR UNPAID WAGES**

**SIXTH CAUSE OF ACTION**

**Failure to Pay All Wages Due at Termination**

**(Cal. Labor Code §§ 202, 203)**

**(Against All Defendants)**

61. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

62. Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code section 202 provides that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if the employee has provided at least 72 hours' notice. Under Labor Code section 203, if an employer willfully fails to pay such wages, for every day that final wages or any part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the employee's daily wage, for a maximum of 30 days.

63. Plaintiff, who is now a former employee of Defendants, ended her employment with Defendants in or about November 2014. Defendants, however, as described above, willfully failed and refused to pay Plaintiff all accrued wages owed within 72 hours of her separation, as required under California Labor Code section 202.

64. Since the date of Plaintiff's separation with the Company, Plaintiff has been available and ready to receive the wages due and owing Plaintiff. Plaintiff has not refused to receive any payment from Defendants.

65. Defendants' failure to pay the wages due and owing Plaintiff was willful in that Plaintiff has made a demand for this payment but Defendants have refused to pay any portion of the amount due and owing Plaintiff.

66. Defendants' willful failure to pay Plaintiff the wages due and owing Plaintiff constitutes a violation of Labor Code section 203 that provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due. Therefore, Plaintiff is entitled to a penalty in an amount to be proven at trial. Pursuant to Labor Code section 1194, Plaintiff requests the court to award Plaintiff reasonable attorney's fees and costs incurred in this action.

**COMPLAINT FOR UNPAID WAGES**

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1)    For unpaid wage, including minimum wage, straight pay, overtime, and premiums for missed or unlawful meal breaks under Labor Code sections 1194, 510, 512, 226.7;

2)    For liquidated damages pursuant to Labor Code section 1194.2 and 29 U.S.C. § 216(b).

3)    For damages for unpaid penalty wages under Labor Code Section 203;

4)    For all applicable statutory damages pursuant to Labor Code section 226.

5)    Pre-judgment interest at the m maximum legal rate;

6)    Reasonable attorney's fees under Labor Code sections 218.5, 1194 and 29 U.S.C. § 216(b).

7)    For costs of this suit;

8)    For such other and further relief as the Court deems just and proper.


Dated:        March 30, 2015              KLEIN LAW GROUP


                                          BY
                                          Alexei Kuchinsky
                                          William P. Klein
                                          Attorneys for Plaintiff Christine May Sibal

**11**

**COMPLAINT FOR UNPAID WAGES**

1

## VI.      DEMAND FOR JURY TRIAL

2        Plaintiff demands a trial by jury on all issues so triable.

3

4        Dated:        March 30, 2015          KLEIN LAW GROUP

5

6                                              BY

7                                              Alexei Kuchinsky
                                               William P. Klein
8                                              Attorneys for Plaintiff Christine May Sibal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR UNPAID WAGES**



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* —Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationship* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o  **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet Rev. 12/15/10

*Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

   o  **Private Mediation:**  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

   o  **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

   o  **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:           FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                      Time:                   Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____       ▶ _____

(TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)

Date:

_____       ▶ _____

(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF DEFENDANT)

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| SBN:<br>Klein Law Group<br>Four Embarcadero Center, Suite 3900, San Francisco, CA 94111<br>TELEPHONE NO.: 415 693-9107    FAX NO.: 415 693-9222<br>ATTORNEY FOR *(Name):* Christine May Sibal | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>APR 01 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By Aman P Barnes<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: Sibal v. American Directions Core LLC, et. al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>RG15764548<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2015

Alexei Kuchinsky
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

BY FAX

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexei Kutchinsky                   SBN: 279405 <br> Klein Law Group <br> Four Embarcadero Center, Suite 3900 <br> San Francisco, CA 94111 <br> TELEPHONE NO.: 415 693-9107     FAX NO. *(Optional):* 415 693-9222 <br> E-MAIL ADDRESS *(Optional):* legalbiz@pacbell.net <br> ATTORNEY FOR *(Name):* Christine May Sibal | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: CHRISTINE MAY SIBAL

DEFENDANT/RESPONDENT: AMERICAN DIRECTIONS CORE LLC, AMERICAN DIRECT

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> RG15764548 |
|---|---|

TO *(insert name of party being served):* AMERICAN DIRECTIONS CORE LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 04/01/2015

CYNTHIA WONG
_____
(TYPE OR PRINT NAME)                          ▶ _____
                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [ ]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):* Civil Case Coversheet; Summons; Complaint; ADR Packet; Self-Addressed-Stamped Envelopes

*(To be completed by recipient):*

Date this form is signed: April 21, 2015

Thomas H. Petrides, Esq.
_____                ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)           ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
for American Directions Core, LLC             Attorney for American Directions Core, LLC

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder— |

EXHIBIT D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexei Kutchinsky    SBN: 279405<br>Klein Law Group<br>Four Embarcadero Center, Suite 3900<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415 693-9107    FAX NO. *(Optional):* 415 693-9222<br>E-MAIL ADDRESS *(Optional):* legalbiz@pacbell.net<br>ATTORNEY FOR *(Name):* Christine May Sibal | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

PLAINTIFF/PETITIONER: CHRISTINE MAY SIBAL

DEFENDANT/RESPONDENT: AMERICAN DIRECTIONS CORE LLC, AMERICAN DIRECT

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG15764548 |
|---|---|

TO *(insert name of party being served):* AMERICAN DIRECTIONS GROUP, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 04/01/2015

CYNTHIA WONG
        (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Civil Case Coversheet; Summons; Complaint; ADR Packet; Self-Addressed-Stamped Envelopes

*(To be completed by recipient):* April 22, 2015

Date this form is signed:

Thomas H. Petrides, Esq.    ▶    *(signature)*
        (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
        ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
For American Directions Group, Inc.    Attorney For American Directions Group, Inc.

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

# EXHIBIT E

1   **K&L GATES LLP**
10100 Santa Monica Boulevard

2   Seventh Floor
Los Angeles, California  90067

3   Telephone: 310.552.5000
Facsimile: 310.552.5001

4

5   Thomas H. Petrides (SBN 117121)
Christina N. Goodrich (SBN 261722)

6   Attorneys for Defendants American Directions
Core LLC and American Directions Group, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11   CHRISTINE MAY SIBAL              Case No. RG15764548

12          Plaintiff,           **ANSWER TO COMPLAINT OF**
**DEFENDANTS AMERICAN DIRECTIONS**

13        v.                   **CORE LLC AND AMERICAN**
**DIRECTIONS GROUP, INC.**

14   AMERICAN DIRECTIONS CORE LLC,
AMERICAN DIRECTIONS GROUP, INC.,

15   AND DOES 1 THROUGH 25         Complaint Filed April 1, 2015

16         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

MAY 1 9 2015

CLERK OF THE SUPERIOR COURT
By _____
Deputy

FAXED

1  Defendants American Directions Core LLC and American Directions Group, Inc.

2  (collectively, "ADG") hereby answer the complaint of Plaintiff Christine May Sibal ("Plaintiff") filed

3  on April 1, 2015 (the "Complaint") as follows:

**GENERAL DENIAL**

5  In answer to Plaintiff's Complaint, ADG submits this general denial pursuant to California

6  Code of Civil Procedure Section 431.30(d), and hereby generally denies each and every allegation

7  contained in Plaintiff's Complaint, and further denies that Plaintiff has been injured in the amount or

8  manner alleged or in any other manner whatsoever.  Additionally, ADG asserts the following

9  affirmative defenses as set forth below:

**AFFIRMATIVE DEFENSES**

11  ADG asserts the following affirmative defenses, each as a separate and distinct affirmative

12  defense.  To the extent that additional affirmative defenses are discovered during the course of the

13  litigation, ADG reserves the right to plead such additional affirmative defenses.  Insofar as any of the

14  following affirmative defenses expresses a denial of an element of the claims alleged against ADG,

15  such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove

16  each and every element of any such claim.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

19  ADG alleges that the Complaint fails to state facts sufficient to constitute a cause of action

20  against ADG and each of them.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

23  ADG alleges that to the extent Plaintiff's Complaint seeks to recover any damages or relief

24  with respect to any claims that Plaintiff has not timely filed her Complaint within the applicable

25  statute of limitations, including, but not limited to California Code of Civil Procedure Sections 338.

**THIRD AFFIRMATIVE DEFENSE**

(No-Willfulness - Failure to Pay Wages Upon Termination)

28  ADG alleges that it properly paid all wages due and owing to Plaintiff during her employment

and upon her termination (although ADG denies they are joint employers), and, to the extent such wages were due but unpaid (which ADG denies), ADG's failure to pay was not "willful."

### FOURTH AFFIRMATIVE DEFENSE

(No-Willfulness - Failure to Pay Minimum Wage)

ADG alleges that it properly paid all minimum wage to Plaintiff during her employment and upon her termination (although ADG denies they are joint employers), and, to the extent such wages were below minimum wage (which ADG denies), ADG's failure to pay minimum wage was not "willful."

### FIFTH AFFIRMATIVE DEFENSE

(No-Willfulness - Failure to Provide Accurate Itemized Wage Statements)

ADG alleges that it properly provided accurate itemized wage statements Plaintiff during her employment and upon her termination (although ADG denies they are joint employers), and, to the extent such wage statements were not accurate or sufficiently itemized (which ADG denies), ADG's failure to provide accurate itemized wage statements was not "willful."

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

ADG alleges that by reason of the conduct of Plaintiff, the causes of action alleged in Plaintiff's Complaint against ADG are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

ADG alleges that by reason of the conduct of Plaintiff, the causes of action alleged in Plaintiff's Complaint against ADG are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

ADG alleges that the causes of action alleged in Plaintiff's Complaint are barred by the doctrine of waiver.

**ANSWER TO COMPLAINT**

1

## NINTH AFFIRMATIVE DEFENSE

2

(Laches)

3   ADG alleges that Plaintiff has lost any right to relief against ADG through laches, which has

4   resulted in substantial prejudice to ADG.

5

## TENTH AFFIRMATIVE DEFENSE

6

(Failure to Mitigate)

7   ADG alleges that Plaintiff has failed to minimize or avoid any and all damages allegedly

8   caused to her by ADG, the existence of which ADG expressly denies.  Any damages that may be

9   recoverable by Plaintiff should therefore be denied or reduced accordingly.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

(No Joint Employment)

12   ADG alleges that Defendants American Directions Core LLC and American Directions

13   Group, Inc. did not jointly employ Plaintiff and Plaintiff has not alleged facts to support such

14   purported joint employment.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

(Good Faith)

17   ADG alleges that Plaintiff's claims and requested relief are barred due to ADG's good faith

18   and reasonable grounds for that its alleged acts and omissions were not in violation of the law,

19   including but not limited to for liquidated damages 29 U.S.C. § 260 and California Labor Code

20   Section 1194.2.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

(Activities Not Compensable)

23   ADG alleges that Plaintiff's claims are barred to the extent she seeks overtime for activities

24   that are not compensable, including but not limited to non-compensable activities under 29 U.S.C.

25   § 254.

26   ///

27   ///

28   ///

3

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

(Work Off-The-Clock)

3

To the extent that Plaintiff contends she performed work "off-the-clock," ADG alleges that it

4

is not liable for those wages because it did not know and should not have known that Plaintiff was

5

working off the clock.

6

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

7

ADG has not knowingly and intentionally waived any applicable affirmative defense and

8

reserves the right to assert and rely on any such other applicable affirmative defenses as any may

9

become available or apparent during the conduct of discovery.

10

WHEREFORE, ADG prays for judgment as follows:

11

1.      That Plaintiff take nothing by her Complaint;

12

2.      That ADG be awarded judgment in its favor and against Plaintiff;

13

3.      For its costs of suit incurred herein, including reasonable attorneys' fees; and

14

4.      For such other and further relief as the Court may deem just and proper.

15

16

K&L GATES LLP

17

18

Dated:  May 18, 2015                    By: _____

19

Thomas H. Petrides
Christina N. Goodrich

20

Attorneys for Defendants American

21

Directions Core LLC and American
Directions Group, Inc.

22

23

24

25

26

27

28

4

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

Case No. RG15764548

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **K&L GATES LLP**, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On **May 19, 2015** I served the foregoing document(s):

**ANSWER TO COMPLAINT OF DEFENDANTS AMERICAN DIRECTIONS CORE LLC AND AMERICAN DIRECTIONS GROUP, INC.**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed and sent as follows:

Alexei Kuchinsky                  **Attorneys for Plaintiff -**
William P. Klein                   **Christine May Sibal**
KLEIN LAW GROUP
Four Embarcadero Center, Suite 3900
San Francisco, CA 94111
Tel: (415) 693-9107
Fax:(415) 693-9222
Email: alexei@sfbizlaw.com

☒   **BY MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **May 19, 2015** at Los Angeles, California.

Jihee Jung

**PROOF OF SERVICE**



**Superior Court of California**
*County of Alameda*

```
Superior Court of California, County of Alameda       Receipt Nbr: 647182
Rene C. Davidson Alameda County Courthouse            Clerk: ebaker
1225 Fallon Street                                    Date: 05/19/2015
Oakland, CA  94612
```

| Type | Case Number | Description | Amount |
|------|-------------|-------------|--------|
| Filing | RG15764548 | Initial Appearance | $435.00 |
| Filing | RG15764548 | Initial Appearance | $435.00 |

```
        Total Amount Due:     $870.00
        Prior Payment:
        Current Payment:      $870.00
        Balance Due:            $.00
        Overage:
        Excess Fee:
        Change:

Payment Method:
        Cash:
        Check:                $870.00
```