**KLEIN LAW GROUP**
Alexei Kuchinsky   State Bar No. 279405
William P. Klein    State Bar No. 148867
Four Embarcadero Center, Suite 3900
San Francisco, CA 9411
Tel.:     (415) 693-9107
Fax.:    (415) 693-9222
Email:   alexei@sfbizlaw.com

Attorneys for Plaintiff Sibal

**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

Attorneys for Defendants American Directions Core LLC and American Directions Group, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MAY SIBAL,<br><br>PLAINTIFF,<br><br>VS.<br><br>AMERICAN DIRECTIONS CORE LLC, AMERICAN DIRECTIONS GROUP, INC., AND DOES 1 THROUGH 25,<br><br>DEFENDANTS. | CASE NO.: 15-CV-02279-JST<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE; MEMORANDUM IN SUPPORT OF MOTION**<br><br>**Judge:** Hon. Jon S. Tigar<br>**Location:** Courtroom 9, 450 Golden Gate, Avenue, San Francisco, CA 94102<br>**Date/Time:**  December 17, 2015 at 2:00 PM<br><br>Action Filed: April 1, 2015 [California State Court] |

1

NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION

1    PLEASE TAKE NOTICE that on Thursday, December 17, 2015 at 2:00 pm, or as soon
2 thereafter as the matter may be heard in Courtroom 9 of this Court, located at 450 Golden Gate,
3 Avenue, San Francisco, Plaintiff Christine Sibal ("Plaintiff" or "Sibal") and Defendants American
4 Directions Core LLC and American Directions Group, Inc. (collectively, "Defendants"), will
5 hereby and do jointly move for an order (1) approving the settlement of Plaintiff's claim under the
6 Fair Labor Standards Act (which is being resolved as part of a full and final settlement of this
7 entire action), and (2) dismissing this entire action with prejudice.

8    The parties participated in a court-sponsored mediation on October 26, 2015. The parties
9 resolved their dispute and hereby seek Court approval of the settlement of Plaintiff's claim under
10 the Fair Labor Standards Act, which is being resolved as part of a full and final settlement of this
11 entire action. As set forth in the accompanying Memorandum, the settlement is a fair and
12 reasonable resolution of this single-plaintiff dispute, particularly in light of Defendants' defenses
13 and assertions of alleged wrongdoing by Plaintiff. The parties request that the Court, upon
14 approval of the settlement, dismiss this entire action with prejudice. If possible, the parties request
15 that the Court retain jurisdiction to enforce the Settlement Agreement between Plaintiff and
16 Defendants by issuing an Order that explicitly retains jurisdiction to enforce the settlement
17 agreement pursuant to *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381-82,
18 (1994).

19    The motion is based on this Notice and the following memorandum in support of the
20 motion; [Proposed] Order, the Court's record of this action; and all matters of which the Court
21 may take notice; and such documentary oral evidence received by the Court at the hearing on the
22 motion.

23
24 Dated:       November 27, 2015         KLEIN LAW GROUP

25                                        BY s/ *Alexei Kuchinsky*
                                          Alexei Kuchinsky
26                                        Attorneys for Plaintiff

27
28

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

1 | Dated: November 27, 2015  K&L GATES LLP

BY *s/ Christina N. Goodrich*
Christina N. Goodrich
Attorneys for Defendants American Directions Core LLC and American Directions Group, Inc.

3

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

# MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

Plaintiff Christine Sibal ("Plaintiff" or "Sibal") and Defendants American Directions Core LLC and American Directions Group, Inc. (collectively, "Defendants") file this Joint Motion for Approval of the Fair Labor Standards Act's ("FLSA") Settlement and Dismissal of Action with Prejudice.

This action was brought by Plaintiff, who was employed by Defendants[1] as a Client Service Manager. Plaintiff asserted claims for, among other things, for failure to pay overtime under the FLSA.

Plaintiff's annual income was approximately $40,000 (in addition to the salary Plaintiff received commissions and a profit sharing bonus, in total estimated at 30%-50% of Plaintiff's salary). Plaintiff was employed for approximately 5 months.[2] Plaintiff claims $25,117 in unpaid overtime and the same amount in liquidated damages under the FLSA. Plaintiff worked from home and set her own schedule. She claims that on average, she worked five 15-hour shifts and two 10-hour shifts per week. Plaintiff claims that she is entitled to approximately $1,300-$1,500 of overtime compensation per work week or $25,117 for the entire employment period. Mr. Sibal claims she was not paid for her overtime hours because she was misclassified as an exempt employee.

Defendants deny Plaintiff's allegations. Defendants contend that Plaintiff qualifies as exempt under the FLSA. Defendants further contend that their investigation and quantitative evidence refute Plaintiff's allegations regarding, *inter alia*, the number of hours she worked. Defendant vigorously contest that Plaintiff could ever recover liquidated damages under the FLSA in light of Defendants ability to show good faith and reasonable belief that Plaintiff was exempt. Moreover, given that Plaintiff qualifies as exempt under the FLSA, the possibility of recovering

---

[1] Plaintiff alleges that both defendants employed her while Defendants dispute that Defendants jointly employed Plaintiff. Without admitting the truth of this allegation, and for the purposes of this motion and for ease of reference only, Defendants are sometimes referred to as Plaintiff's "employer."

[2] For services provided to Defendants, Plaintiff was paid a salary of approximately $2,916 per month plus commissions, bonuses, and other benefits and payments.

4

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

any amount on that claim is limited.  Additionally, Defendants recently learned that Plaintiff retained confidential and proprietary information in violation of a confidentiality agreement Plaintiff signed when her employment began.  Defendants take such conduct very seriously and were evaluating their options with respect to addressing this issue.

At the court-sponsored mediation of this action, the parties were able to resolve their dispute.  They do so, however, without admitting any fault or wrongdoing in any manner.  The parties negotiated the settlement in good faith and reached a resolution that is fair and reasonable under the circumstances.  Thus, the parties respectfully request the Court approve the settlement and then dismiss this entire action with prejudice.

## II.     PROCEDURAL HISTORY OF SETTLEMENT

The parties settled this single-plaintiff action during mediation.  The mediator was appointed by the Court's ADR unit.  The mediation took place on October 26, 2015 before Ellyn Moscowitz, Esq.  Under the terms of the settlement, Defendants agreed to pay Plaintiff Sibal a lump sum payment (inclusive of all attorney's fees and costs) in exchange for a release of Plaintiff's claims against all Defendants.  The attorney's fees are paid to Plaintiff's attorney under the terms set forth in the contingency fee agreement executed by Plaintiff and Plaintiff's attorney.  Plaintiff and Plaintiff's attorney agreed that the fee paid was fair and reasonable. These fees represent approximately one-third of the total amount of the settlement and are reasonable given the stage of the case and work performed to date.  The Settlement Agreement is attached as Exhibit A and is the subject of a Joint Administrative Motion to Seal.

## III.    LEGAL STANDARD

While there is some difference of opinion, courts have required court approval of the settlement of FLSA claims whereby the parties present the settlement to the court. *Yue Zhou v. Wang's Rest.*, No C 05-0279 PVT, 2007 U.S. Dist. LEXIS 60683, at *2, *4 (N.D. Cal. Aug. 8, 2007) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *McKeen-Chaplin v. Franklin Am. Mortg. Co.,* No C 10-5243 SBA, 2012 U.S. Dist.

5

NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION

LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012) (quoting *Lynn's Food Stores,* 679 F.2d at 1354-55); See *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *2 (N.D. Cal. Jan. 31, 2014).

## IV. ARGUMENT

The parties respectfully request the Court approve the settlement of Plaintiff's FLSA claim, which is part of a full and final settlement of this entire action. There is a *bona fide* dispute between the parties as to whether and to what extent Plaintiff is entitled to overtime and worked the magnitude of overtime hours during the employment period, as well as to whether all wages owed to her have been paid. Plaintiff claims she worked approximately 40-60 hours of overtime per week and that a $2,916 monthly salary did not compensate her for overtime hours. Plaintiff claims that she is owed approximately $25,117 in unpaid overtime and $25,117 in liquidated damages per the FLSA, among other damages.

Defendants deny Plaintiff's allegations. Among other things, Defendants contend that Plaintiff is exempt from overtime under the FLSA under the federal administrative exemption. Specifically, Defendants contend that this exemption applies because (1) Plaintiff was paid on a salary basis more than $455 per week, (2) her primary duty was to perform office/non-manual work directly related to the management and general business operations of Defendants' customers and projects, including overseeing all aspects of a client's project, and (3) Plaintiff's primary duties included the exercise of wide discretion and independent judgment with respect to matters of significance, such as project management, pricing, and modification of Defendants' time and method of delivery of project services. *See* 29 C.F.R. § 541.200. Moreover, Defendants' quantitative review of every day of Plaintiff's employment establish that Plaintiff's estimation of the hours worked is grossly exaggerated. Even if she were not exempt under the FLSA (which she is), Defendants' investigation and evidence document that she did not work the inflated hours she claims she did. Moreover, Plaintiff had no evidence to support her request for liquidated damages.

Additionally, Defendants recently learned that Plaintiff appears to have breached her confidentiality agreement with Defendants by retaining confidential and proprietary information including software, work processes and practices, and intellectual property, after the end of her

NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION

employment. Defendants take this conduct very seriously and were evaluating their options regarding how to pursue this issue.

In order to avoid the costs and burdens of litigation and without admitting liability, the parties reached an arms-length bargained for settlement during the October 26 mediation. The parties represent that the settlement is a fair and reasonable resolution of disputed issues of FLSA coverage and potential liability as it more than covers Plaintiff's claim for unpaid overtime, which Defendants contend is based on grossly inflated estimates of hours worked and is unsupported by the evidence. Under the settlement agreement, Defendants agreed to pay Plaintiff a sum that fairly compensates Plaintiff on her claims and takes into account Defendants' defenses, their support for their defenses, and their assertion that Plaintiff breached the confidentiality agreement.

Because the terms of the settlement "reflect[] a reasonable compromise over issues that are actually in dispute," this Court should "approve the settlement 'in order to promote the policy of encouraging settlement.'" *See McKeen-Chaplin*, 2012 U.S. Dist. LEXIS 17635, at *6 (quoting *Lynn's Food Stores,* 679 F.2d at 1354).

## V. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this Motion to (1) approve the settlement under FLSA (which is being resolved as part of a full and final settlement of this entire action), and (2) dismiss this entire action with prejudice.

If possible, the parties request that the Court retain jurisdiction to enforce the Settlement Agreement between the parties by issuing an Order that explicitly retains jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381-82, (1994).

Dated:       November 27, 2015            KLEIN LAW GROUP

                                          BY s/ *Alexei Kuchinsky*
                                          Alexei Kuchinsky
                                          Attorneys for Plaintiffs


Dated:       November 27, 2015            K&L GATES LLP

NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION

1
2
3
4

BY *s/ Christina N. Goodrich*
Christina N. Goodrich
Attorneys for Defendants American Directions Core LLC and American Directions Group, Inc.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

# Exhibit "A"

Filed Separately under Seal