UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MAY SIBAL,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN DIRECTIONS CORE LLC, et al.,<br><br>    Defendants. | Case No.  15-cv-02279-JST<br><br>**ORDER DENYING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 26 |

Before the Court is the parties' Joint Administrative Motion to File Under Seal. ECF No. 26. For the reasons set forth below, the Court will deny the motion.

## I.   BACKGROUND

This is a wage and hour case alleging failure to pay minimum wage, failure to pay California overtime, failure to pay federal overtime, failure to provide meal breaks, failure to provide accurate itemized wage statements and maintain adequate records, and failure to pay wages at termination. See ECF No. 1-1 (Complaint). On November 27, 2015, the parties filed a Joint Motion for Approval of Fair Labor Standard Act ("FLSA") Settlement and Dismissal of Action with Prejudice. See ECF No. 25. The parties filed the instant motion to seal in connection with their motion for settlement approval. See ECF No. 26.

## II.   LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

As to the first prong, "[a] sealing order may issue only upon a request that establishes that

the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Requests to file under seal must be "narrowly tailored," id., and must be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79–5(d)(1)(A).

As to the second prong, the showing required for overcoming the "strong presumption in favor of access" depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179. On the other hand, when a party seeks to file sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. (citation and internal quotations omitted). In that case, a party must make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

**III.   DISCUSSION**

FLSA claims may not be settled without approval of either the Secretary of the Department of Labor or a district court. Seminiano v. Xyris Enter., Inc., 602 F. App'x 682, 683 (9th Cir. 2015). Thus, while settlement agreements in other cases generally remain confidential, in FLSA cases they are filed with the court and become judicial records. As judicial records, they are subject to a presumption in favor of public access. See Baker v. Dolgencorp, Inc., 818 F. Supp. 2d 940, 943 (E.D. Va. 2011) ("an FLSA settlement agreement, submitted to a court for judicial

2

approval, is a judicial record that triggers the common law right of public access"); Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("the overwhelming consensus of district courts . . . hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); Kianpour v. Rest. Zone, Inc., No. 11–cv–0802, 2011 WL 3880463, at *2 (D.Md. Aug. 30, 2011) (stating that a vast majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements).

Within the Ninth Circuit, courts have applied the compelling reasons standard set forth in Kamakana to parties' motions to file under seal FLSA agreements. See, e.g., Duran v. Hershey Co., No. 14-CV-01184-RS, 2015 WL 4945931, at *1 (N.D. Cal. Aug. 10, 2015) (FLSA agreements are subject to a "strong presumption in favor of public access, which cannot be overcome absent compelling reasons"), at *1; see also In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig., No. CV-09-1409-PHX-DGC, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009).

In the instant action, Defendants request that the Court seal the settlement agreement because "the confidential settlement agreement has little value to the public and implicates confidential business matters." ECF No. 26-1, Declaration of Christina N. Goodrich (Goodrich Decl.) ¶ 4. Defendants have not met their burden of demonstrating that the agreement should be sealed.

Defendants first argue that because this is a single-plaintiff action that does not involve "admissions of widespread violations of law," there is only a "de minimus interest in publicizing the terms of the parties' settlement." Id. However, as previously noted, FLSA settlements are part of the judicial record to which there is a strong presumption of public access.[1] See Duran, 2015

---

[1] The parties cite to King v. MS Companies, LLC, No. 2:13-CV- 02277-MHH, 2015 WL 3657649 (N.D. Ala. June 12, 2015), to support their argument that sealing is appropriate where the settlement applies to an individual plaintiff rather than a collective action. See ECF No. 26 at 2. The court in that case permitted the parties to file a settlement agreement on the public record with the settlement payment amounts redacted. See 2015 WL 3657649, at *3.

King is not persuasive here, for several reasons. First, as the King court acknowledged, "absent a showing of good cause, the Court [typically] does not allow the parties to file sealed or redacted FLSA settlement agreements because omitting the agreements from the public record can frustrate the goals of the FLSA." 2015 WL 3657649 at *3. Second, the King court's reasons for deviating from this general rule are not persuasive. Third, a number of other district courts have declined to seal settlement agreements in wage and hour actions brought by individual plaintiffs. See, e.g.,

WL 4945931, at *1; Luo v. Zynga Inc., No. 13-CV-00186 NC, 2013 WL 5814763, at *2 (N.D. Cal. Oct. 29, 2013).  Additionally, in FLSA cases, "the public has an independent interest in assuring that employees' wages are fair."  Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012).

        Defendants then state that the confidentiality provision of the settlement agreement "is a material bargained-for term of the parties' settlement."  Goodrich Decl. ¶ 4.  However, "[t]he existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."  Luo, 2013 WL 5814763, at *3; see also Duran, 2015 WL 4945931, at *1 (rejecting the argument that sealing is warranted because of a "heavily-negotiated" confidentiality provision), Joo, 763 F. Supp. 2d at 648 (stating that district courts have "roundly rejected" that a confidentiality provision justifies sealing).  An agreement negotiated between private parties almost by definition will not give adequate consideration to the interests of the public in access to that agreement.

        Finally, Defendants contend that that the "agreement is protected due to the inclusion of non-public, confidential business information."  Goodrich Decl. ¶ 5.  The parties, however, have not identified any "specific prejudice or harm" that would result from disclosure of the settlement agreement.  See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002) ("the party seeking protection bears the burden of showing specific prejudice or harm will result . . .").

        In short, the parties have not provided a compelling reason[2] sufficient to justify sealing the settlement agreement in this case.[3]

---

Lyons v. Gerhard's Inc., 14–06693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015); Fonseka v. Alfredhouse Eldercare, Inc., GJH–14–3498, 2015 WL 3457224, at *2-3 (D. Md. May 28, 2015); Scott v. Memory Company, LLC, 09–cv–290–SRW, 2010 WL 4683621, at *1–2 (M.D. Ala. Nov. 10, 2010).

[2] The Court would reach the same result even if the standard were good cause.

[3] In addition to their failure to provide a compelling reason to justify sealing the settlement agreement, the parties also failed to comply with Civil Local Rule 79-5(b).  That rule requires that a sealing request be "narrowly tailored to seek sealing only of sealable material."  The parties proposed to redact the entirety of the settlement agreement and release.  See ECF No, 26-4, Ex. A (redacted).

**CONCLUSION**

Because no compelling reason exists to rebut the strong presumption of access in this case, the Court denies the Joint Administrative Motion to File Under Seal.

By January 4, 2016, the parties must do one of the following: (1) file a notice informing the Court that they wish to withdraw their motion seeking approval of their settlement, or (2) file an unsealed copy of their settlement agreement as a public record. Should the parties elect to file an unsealed copy of their agreement, the hearing date on the underlying motion for approval will remain as originally set. The Court will then take the motion under submission.

IT IS SO ORDERED.

Dated: December 22, 2015

_____
JON S. TIGAR
United States District Judge