UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MAY SIBAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN DIRECTIONS CORE LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02279-JST<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**<br><br>Re: ECF No. 25 |

Before the Court is the parties' joint motion for approval of their settlement and dismissal of the action with prejudice. ECF No. 25. The Court will grant the motion.

## I.　BACKGROUND

On May 20, 2015, Defendants American Directions Core LLC and American Directions Group, Inc. (collectively "Defendants") removed this wage and hour case from Alameda County Superior Court. ECF No. 1. Plaintiff Christine May Sibal worked for Defendants from June to November, 2014. See ECF No. 1-1, Complaint ¶¶ 13, 16. Sibal alleges that during this period she was a non-exempt employee, but that Defendants nonetheless failed to pay minimum wage, failed to pay California overtime, failed to pay federal overtime, failed to provide meal breaks, failed to provide accurate itemized wage statements and maintain adequate records, and failed to pay wages at termination. See generally id. ¶ 17.

The parties settled this action during mediation, and on November 25, 2015, Defendants filed a notice of settlement. ECF No. 24. On November 27, 2015, the parties filed a joint motion for approval of the settlement and dismissal of the action.[1] ECF No. 25.

---

[1] In conjunction with the instant motion, the parties also filed a motion to file the FLSA settlement under seal, ECF No. 26, which the Court denied, ECF No. 27. The parties thereafter filed the unredacted settlement agreement. See ECF No. 29, Ex. A.

## II. LEGAL STANDARD

"An employee's claims under FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court." Luo v. Zynga Inc., No. 13-CV-00186 NC, 2014 WL 457742, at *2 (N.D. Cal. Jan. 31, 2014); see Yue Zhou v. Wang's Restaurant, No. 05–cv–0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th. Cir. 1982). When presented with a proposed settlement of FLSA claims, a court "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." You Zhou, 2007 WL 2298046, at *1. "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" McKeen-Chaplin v. Franklin Am. Mortgage Co., No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012) (citing Lynn's Food Stores, 789 F.2d at 1354).

## III. DISCUSSION

Here, there is clearly a bona fide dispute between parties as to whether and to what extent Sibal was entitled to overtime. Sibal claims that she worked 40-60 hours of overtime per week for which her monthly salary did not compensate her. ECF No. 25 at 6. Defendants deny these allegations and contend that Plaintiff is exempt from overtime under the FLSA under the federal administrative exemption. Id. Defendants argue that Sibal was paid on a salary basis, her primary duty was to perform work related to management and business operations, and her primary duties required her to exercise "wide discretion and independent judgment with respect to matters of significance . . . ." Id. (citing to 29 C.F.R § 541.200). Defendants also dispute the number of hours Sibal worked and whether Sibal could support her request for liquidated damages. Id. Finally, Defendants contend that Sibal breached her confidentiality agreement with Defendants by retaining their confidential and proprietary information. Id.

The Court also finds that the settlement agreement reflects a fair and reasonable compromise of Sibal's FLSA claims. Under the FLSA, if employees work more than 40 hours per week, they are entitled to compensation for the overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Sibal claims Defendants owe her $25,117 in

2

unpaid overtime and $25,117 in liquidated damages.  ECF No. 25 at 6.  Under the settlement agreement, Sibal will receive a payment of $30,000 from Defendants,[2] ECF No. 29, Ex. A, which is more than the amount of claimed overtime pay.  Although the parties have not indicated the full range of monetary relief that might potentially be awarded, the settlement appears reasonable in view of the size and contested nature of the claim.

In sum, the Court concludes the settlement reflects a reasonable compromise over issues that are actually in dispute.

## CONCLUSION

The Court approves the settlement agreement between the parties as a fair and reasonable resolution of a bona fide dispute.  Sibal's claims are dismissed with prejudice, with each side to bear its own costs and attorneys' fees.  The Court retains jurisdiction to enforce the settlement agreement.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated:  February 23, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] The settlement agreement also includes provisions requiring Sibal to release all claims against Defendants and return company documents and property.  Defendants agree to release any potential claims related to Sibal's confidentiality agreement breach.  See ECF No. 29, Ex. A.

3